# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 20, 2002

## STATE OF TENNESSEE v. SHIRLEY MASON

### Direct Appeal from the Circuit Court for Bedford County
### No. 14997     Lee Russell, Judge

### No. M2002-00121-CCA-R3-CD - Filed December 6, 2002

The defendant pled guilty to delivery of cocaine under .5 grams. The trial court imposed a Range II eight-year sentence in the Department of Correction. The defendant appeals her sentence, arguing it was excessive and she should have received alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Donna Leigh Hargrove, District Public Defender; Andrew Jackson Dearing, III, Assistant District Public Defender (at hearing and on appeal); and Merrilyn Feirman, Nashville, Tennessee (on appeal), for the appellant, Shirley Mason.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 6, 2001, the defendant pled guilty to Class C felony delivery of cocaine. The trial court found her to be a Range II multiple offender; therefore, the range of punishment was from six to ten years. *See* Tenn. Code Ann. § 40-35-112(b)(3). It also found three enhancement factors applied: enhancement factor (1), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; enhancement factor (8), the defendant has a previous history of unwillingness to comply with conditions of a sentence involving release in the community; and enhancement factor (13), the felony was committed while on a form of release for a felony. *See* Tenn. Code Ann. § 40-35-114(1), (8), (13). The trial court also applied mitigating factor (1), the defendant's conduct neither caused nor

threatened serious bodily injury. *See* Tenn. Code Ann. § 40-35-113(1). The trial court stated it gave the mitigating factor little weight and enhanced the defendant 's sentence from the minimum six-year sentence to an eight-year sentence.

The trial court further determined the defendant was not entitled to alternative sentencing because there was abundant evidence the defendant lacked potential for rehabilitation and measures less restrictive than incarceration had proven ineffective. In this appeal, the defendant contends her sentence is excessive because the trial court did not properly weigh the applicable enhancement and mitigating factors and failed to consider the positive changes the defendant made in her life just prior to her arrest. She also maintains the trial court erred in denying alternative sentencing.

## I. STANDARD OF REVIEW

A defendant's sentence is reviewed by the appellate courts *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's actions, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, has given due consideration and proper weight to the factors and sentencing principles, and has made findings of fact adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, if the trial court does not comply with statutory sentencing provisions, our review of the sentence is *de novo* with no presumption the trial court's determinations were correct. State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000).

## II. EVIDENCE AT SENTENCING

In 1993, the defendant incurred three convictions for selling cocaine. She was initially granted early release and placed on the community corrections program. Subsequently, her community corrections status was revoked and she was re-sentenced. Her parole was twice revoked before she served her sentences in their entirety. The defendant also has eight prior misdemeanor convictions. At the time of the instant offense, she was on misdemeanor probation which was later revoked.

At sentencing, the defendant testified she had a long-time problem with cocaine and twice sought treatment in 1993. She stated that at the time of the instant offense on April 5, 2000, she was delivering drugs for her supplier in order to support her cocaine habit. According to the defendant, she initiated positive changes in her life approximately a month after her supplier was killed on April

19, 2000. She testified she stopped using cocaine, got a job, rented an apartment, and was attending church until her arrest on the current offense.

### III.  LENGTH OF SENTENCE

The defendant does not contest the trial court's finding that she was a Range II multiple offender, and the record supports this determination. The range of punishment for a Class C felony for a Range II multiple offender is six to ten years. Tenn. Code Ann. § 40-35-112(b)(3). The presumptive sentence for a Class C felony is the minimum sentence if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c).

The trial court applied enhancement factors (1), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (8), the defendant has a previous history of unwillingness to comply with conditions of a sentence involving release in the community; and (13), the felony was committed while on release from a felony. *See* Tenn. Code Ann. § 40-35-114(1), (8), (13). While the proof in the record supports the trial court's application of factors (1) and (8), we conclude the trial court misapplied factor (13).

Enhancement factor (13) applies to felony sentences where the defendant was on bail, parole, probation, work release, or any other form of release from a prior *felony* at the time of the commission of the offense. Tenn. Code Ann. § 40-35-114(13). In the case at bar, the defendant was on *misdemeanor* probation at the time she committed the felony. Therefore, this enhancement factor cannot be applied to her sentence. For this reason, our review of the defendant's sentence is *de novo* without a presumption that the trial court's determinations were correct. *See* Winfield, 23 S.W.3d at 283.

However, the wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. *Id*. at 284. This determination requires that we review the evidence supporting any remaining enhancement factors, as well as the evidence supporting any mitigating factors. Imfeld, 70 S.W.3d at 707. We conclude the two remaining enhancement factors, properly applied by the trial court, support the enhancement of the defendant's sentence to eight years.

Although we question the applicability of mitigating factor (1), the defendant's conduct neither caused nor threatened serious bodily injury, *see* State v. Ross, 49 S.W.3d 833, 848-49 (Tenn. 2001), we note the trial court assigned this factor little weight. *See* Tenn. Code Ann. § 40-35-113(1). We further conclude that while the defendant's efforts to improve her life are to be commended, the trial court did not err in finding a poor potential for rehabilitation in light of the defendant's criminal history. We determine the eight-year enhanced sentence was proper.

## IV.  ALTERNATIVE SENTENCING

The defendant contends the trial court erred in not granting alternative sentencing.  As a Range II multiple offender, there is no presumption that the defendant is a favorable candidate for alternative sentencing.  *See* Tenn. Code Ann. § 40-35-102(6).  Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).  The court should also examine the defendant's potential for rehabilitation or lack thereof when considering whether alternative sentencing is appropriate. Tenn. Code Ann. § 40-35-103(5).

In the instant case, the record on appeal establishes the defendant has a lengthy criminal history, which includes three prior felonies and numerous prior misdemeanors.  Further, she has previously violated the terms of probation, parole, and community corrections.  It is clear that all past efforts of rehabilitation through alternative sentencing have been unsuccessful.  Given her history, the trial court did not err in denying alternative sentencing.

## CONCLUSION

We conclude the trial court misapplied enhancement factor (13) to the defendant's sentence. After conducting a *de novo* review, however, we conclude the sentence imposed by the trial court was proper.  Therefore, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE