IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 15, 2003

## STATE OF TENNESSEE v. MARTIN STUART HAMMOCK

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-B-1430     Carol Soloman, Judge**

---

**No. M2002-01326-CCA-R3-CD - Filed January 23, 2004**

---

Defendant, Martin Stuart Hammock, was originally convicted of first degree murder following a jury trial. On appeal, this Court found that there was insufficient evidence of premeditation to support a conviction for first degree murder. Accordingly, we modified the judgment to reflect a conviction of second degree murder and remanded the case to the trial court for re-sentencing. *State v. Martin Stuart Hammock*, No. M2000-00334-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 824, (Tenn. Crim. App. at Nashville, Oct. 12, 2001), *no perm. to app. filed*. Following a new sentencing hearing, the trial court sentenced Defendant to serve twenty-five years. Defendant appeals. After a review of the record, the briefs, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

C. LeAnn Smith, Nashville, Tennessee, for the appellant, Martin Stuart Hammock.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

A detailed accounting of the facts which ultimately led to Defendant's conviction for second degree murder is found in this Court's opinion in *State v. Martin Stuart Hammock*, *supra*. A brief summary of those facts as they pertain to the sentencing hearing is necessary to address the issues raised by Defendant in this appeal.

In the light most favorable to the State, the proof showed that Defendant and Darren Brent Rollins went to the apartment of the victim, Gary Jackson, on the evening of February 15, 1998. Prior to arriving at the victim's apartment at approximately 10:30 p.m., Defendant and Mr. Rollins

had each consumed about a 12-pack of beer. At the victim's apartment, Defendant and Mr. Rollins drank beer that they brought with them, and the victim consumed his own beer. Mr. Rollins testified that the victim was intoxicated. The three men ran out of beer and Defendant and Mr. Rollins went to the store to buy more beer. Upon their return, Mr. Rollins asked the victim for his share of the money for the newly-purchased beer, but the victim refused. The victim got mad when Mr. Rollins said that he and Defendant were leaving, more words were exchanged, and the victim shoved Mr. Rollins, who then fell over a couch.

Mr. Rollins testified that he saw Defendant then grab the victim from behind and strike him over the head with a knife handle. The victim tried to protect himself by putting his hands on top of his head. The victim fell, and Defendant put his foot in the middle of the victim's back and grabbed the top of the victim's hair, pulling the victim's head back. Defendant then cut the victim's throat.

Dr. Bruce Levy, the medical examiner for Davidson County, performed an autopsy on the victim. He found that the victim sustained multiple injuries to his head and neck and that his forearms and hands had what appeared to be defensive wounds. Dr. Levy determined that the victim died from a sharp cut to his neck, resulting in a substantial loss of blood. As noted by this Court on direct appeal, Dr. Levy testified that the cut severed the victim's jugular veins, his larynx, and was "deep to the neck bone." *State v. Martin Stuart Hammock, supra.* The victim's blood alcohol level was 0.24.

The presentence report was made an exhibit at the sentencing hearing. At the time of sentencing, Defendant was forty-two years old. The presentence report reflects that Defendant had at least nineteen prior convictions, which ranged from third degree burglary, aggravated assault, weapons offenses, and assault to vandalism, driving under the influence of intoxicants on at least three occasions, and other motor vehicle related criminal offenses. The presentence report also showed that Defendant had been found in violation of probation on at least five prior occasions. Defendant's criminal history extended over a period of approximately twenty years.

Defendant testified at his sentencing hearing that he had been a self-employed contractor from 1986 until 1998, when he was arrested for the instant offense. Defendant expressed remorse for the death of the victim. Two character witnesses and Defendant's mother also testified on behalf of Defendant at the sentencing hearing. They testified about Defendant's good qualities, including his good work habits and the fact that they had never had any problems with Defendant and that he did not show or display anger. In addition, Defendant's mother testified as to her strong belief that Defendant had acted in self-defense or in defense of Mr. Rollins.

At the time of the sentencing hearing, there were twenty-two statutory enhancement factors listed in Tennessee Code Annotated section 40-35-114. *See* Tenn. Code Ann. § 40-35-114 (1997). Subsequently, in Public Acts 2002, ch. 849, § 2 c, the legislature added a twenty-third enhancement factor, but listed it as enhancement factor (1) and renumbered previous factors (1) through (22) as (2) through (23). *See* Tenn. Code Ann. § 40-35-114 (Supp. 2002). In this opinion, we will refer to

the enhancement factors of Tennessee Code Annotated section 40-35-114 as they existed at the time of the sentencing hearing on April 25, 2002.

The trial court found that there were no applicable mitigating factors and found the existence of the following enhancement factors: (a) the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (b) the victim of the offense was particularly vulnerable because of age or physical or mental disability due to the victim's intoxication, Tenn. Code Ann. § 40-35-114(4); (c) the defendant treated the victim with exceptional cruelty during the commission of the offense, Tenn. Code Ann. § 40-35-114(5); (d) the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, Tenn. Code Ann. § 40-35-114(8); (e) the defendant possessed or employed a deadly weapon during the commission of the offense, Tenn. Code Ann. § 40-35-114(9); and (f) the offense was committed while the defendant was on probation for a prior felony conviction, Tenn. Code Ann. § 40-35-114(14).

In its brief, the State does not mention the trial court's finding of enhancement factor (13). This enhancement factor was apparently relied upon by the trial court, but we conclude that it was improperly applied. Defendant was on probation for a misdemeanor at the time of the commission of second degree murder, and application of this enhancement factor requires proof that a defendant was on probation for a prior *felony* conviction. *See* Tenn. Code Ann. § 40-35-114(13) (1997).

On appeal, Defendant contests the trial court's application of enhancement factor (4), that the victim was particularly vulnerable because of his intoxication, and enhancement factor (5), that Defendant treated the victim with exceptional cruelty during the commission of the offense. In addition, Defendant argues that the trial court erred by not applying mitigating factors found in Tennessee Code Annotated section 40-35-113(2) and (3), that the defendant acted under strong provocation, and substantial grounds existed tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense, respectively.

A defendant's sentence is reviewed by the appellate courts *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's actions, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). While determining or reviewing a sentence, the courts must consider:(1) the evidence received at trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence offered by the parties on the enhancement and mitigating factors; (6) any statement the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b); *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, has given due consideration and proper weight to the factors and sentencing principles, and has made findings of fact adequately supported by the record, this Court may not modify the sentence even if it would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, if the trial court does not comply with statutory sentencing provisions, our review of the sentence is *de novo* with no presumption the trial court's determinations were correct. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, provided the trial court has complied with the purposes and principles of the Sentencing Act and its findings are supported by the record. *State v. Zonge*, 973 S.W.2d 250, 259 (Tenn. Crim. App. 1997). The statutes prescribe no particular weight for an enhancement or mitigating factor. *State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001).

The wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. *Winfield*, 23 S.W.3d at 284. This determination requires a review of the evidence supporting any remaining enhancement factors, as well as the evidence supporting any mitigating factors. *Imfeld*, 70 S.W.3d at 707.

Second degree murder is a Class A felony. Tenn. Code Ann. § 39-13-210(b). The presumptive sentence for a Class A felony is the midpoint of the range of possible punishment if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). Defendant was sentenced as a Range I offender, and therefore the possible range of punishment is fifteen to twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1). The midpoint of the range is therefore twenty years. If there are enhancement but no mitigating factors for a Class A felony, the trial court must set the sentence at or above the midpoint of the range. Tenn. Code Ann. § 40-35-210(d). Should there be both enhancement and mitigating factors for a Class A felony, the trial court must start at the midpoint of the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e).

Regarding enhancement factor (4), the victim's vulnerability, the trial court found that the victim was particularly vulnerable because at the time that his throat was cut by Defendant, the victim was on the floor and "at least, half unconscious." The record reflects that there were at least two dozen injuries to the victim's head in addition to the cut wound to his throat. While this issue is close, especially in the absence of detailed findings of fact by the trial court on the application of this enhancement factor, we conclude that there is sufficient evidence in the record to uphold the trial court's application of enhancement factor (4). *See State v. Gray*, 960 S.W.2d 598, 611 (Tenn. Crim. App. 1997).

Regarding enhancement factor (5), exceptional cruelty, the record reflects that the victim was struck on the head with the handle of Defendant's knife approximately two dozen times. While the victim was on the floor in this condition, Defendant then slit the victim's throat. Proper application

-4-

of this factor requires a finding of cruelty "over and above" what is required for the offense itself, such as in cases of abuse and torture. *State v. Arnett*, 49 S.W.3d 250, 258 (Tenn. 2001). We conclude that the trial court did not err in applying this particular enhancement factor. As noted by the State, Defendant abused, battered, and beat the victim before violently slashing the victim's throat from "ear to ear." We further conclude that the trial court did not err in declining to apply the mitigating factors argued by Defendant.

Having found that the trial court erroneously applied one enhancement factor, we conclude that five enhancement factors were properly applied and that no mitigating factors were applicable. Despite the fact that one enhancement factor was inappropriately applied by the trial court, we conclude a sentence of twenty-five years is appropriate under our *de novo* review. Accordingly, Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE