IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE  v. JOHNNY EDD WINFIELD

**An Appeal from the Criminal Court for Hamilton County**
**No. 206983-206984     Douglas A. Meyer, Judge**

---

**No. E1996-00012-SC-R11-CD - Decided June 20, 2000**

---

### FOR PUBLICATION

This is an appeal from the Criminal Court for Hamilton County, which convicted the defendant of two counts of assault.  The defendant appealed and argued that the trial court erred in imposing concurrent sentences of eleven months and twenty-nine days.  The Court of Criminal Appeals concluded that two of the four sentencing enhancement factors applied by the trial court were improper but affirmed the sentencing after finding an enhancement factor that had not been applied by the trial court, i.e., that the defendant possessed or employed a deadly weapon during the offense.  Tenn. Code Ann. § 40-35-114(9) (1997).  The defendant appealed to this Court arguing that the Court of Criminal Appeals erred in imposing an enhancement factor based on facts underlying an offense, aggravated assault, of which the jury acquitted the defendant.  We conclude that a court may apply an enhancement factor based on facts underlying an offense for which a defendant has been acquitted so long as the facts are established by a preponderance of the evidence. We also hold that the Court of Criminal Appeals erred in applying the enhancement factor in this case in the absence of specific factual findings made by the trial court.  Finally, we nonetheless affirm the sentences based on the two remaining enhancement factors.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

ANDERSON, C.J., delivered the opinion of the court, in which DROWOTA, BIRCH, AND HOLDER, JJ., AND BYERS, SP. J., joined.

Ardena J. Garth, District Public Defender, and Donna Robinson Miller, Assistant District Public Defender, Chattanooga, Tennessee, for the appellant, Johnny Edd Winfield.

John Knox Walkup, Attorney General & Reporter and Michael E. Moore, Solicitor General and R. Stephen Jobe, Assistant Attorney General, Nashville, Tennessee (On Appeal), and William H. Cox, III, District Attorney General and C. Leland Davis, Assistant District Attorney, Chattanooga, Tennessee (At Trial), for the appellee, State of Tennessee.

### OPINION

We granted this appeal to determine whether a sentencing court may apply an enhancement factor based on facts underlying an offense for which the defendant has been acquitted.

The defendant, Johnny Edd Winfield, was indicted for the offenses of aggravated assault by use of a deadly weapon and assault, and he was convicted of two counts of assault.[1] In imposing concurrent sentences of eleven months and twenty-nine days,[2] the trial court found four enhancement factors based on the defendant's conduct: a history of criminal convictions and criminal behavior; a history of unwillingness to comply with the conditions of release; the offense was committed while the defendant was on bail; and the offense was committed under circumstances in which the potential for bodily injury was great. Tenn. Code Ann. § 40-35-114(1), (8), (13)(A), & (16) (1997).

The Court of Criminal Appeals concluded that the record did not support the trial court's findings of two enhancement factors: that the offense was committed while the defendant was on bail and that the potential for bodily injury was great. The court however upheld the sentences after finding that Winfield "used" a deadly weapon during one of the offenses, an enhancement factor the trial court had not applied. Tenn. Code Ann. § 40-35-114(9).[3] The defendant argues that it was erroneous to apply this factor because he was acquitted of the charge of aggravated assault with a deadly weapon and convicted of the lesser offense of assault.

After reviewing the record and applicable law, we conclude that a sentencing court may apply an enhancement factor based on facts underlying an offense for which the defendant has been acquitted so long as the facts are established in the record by a preponderance of the evidence. We further conclude that ordinarily an appellate court conducting a de novo review is not precluded from applying an enhancement factor that was not applied by the trial court. In this case, however, there was conflicting evidence regarding the use of a deadly weapon that required the trial court to make specific findings and credibility determinations. Given the absence of such findings, we conclude

---

[1] A person commits the offense of assault who "(1) [i]ntentionally, knowingly or recklessly causes bodily injury to another; (2) [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) [i]ntentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a) (1997). A person commits aggravated assault who commits an assault that causes serious bodily injury to another or commits an assault while using or displaying a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1) (1997). The jury also convicted Winfield of possession of drug paraphernalia, but the trial court granted a judgment of acquittal on this count.

[2] Eleven months and twenty-nine days is the maximum term for a class A misdemeanor. Tenn. Code Ann. § 40-35-111(e)(1) (1997).

[3] Although the Court of Criminal Appeals stated that Winfield "used" a deadly weapon, the statute requires that a defendant "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." Tenn. Code Ann. § 40-35-114(9) (1997).

that the Court of Criminal Appeals erred in applying the deadly weapon enhancement factor. We nonetheless affirm the judgment because the two remaining enhancement factors warrant the sentences imposed.

## BACKGROUND

The defendant, Johnny Edd Winfield, had an argument with his girlfriend, Sharon Kennemer, that escalated into violence. Kennemer's ten-year-old son, Jeremia Kennemer, was upstairs watching television with his cousin, Scottie Kennemer, when he heard his mother yelling for someone to call the police. Jeremia went downstairs and found Winfield standing over his mother and holding a lamp over her head.

Jeremia testified that when he tried to call 911, Winfield cut the telephone cord with a pocket knife, held him against a wall, and cut his lip with the knife. Sharon Kennemer threw an empty beer bottle at Winfield, which hit the wall and shattered. The glass caused cuts to the arm of Scottie Kennemer, who by that time had also come downstairs. Jeremia and Scottie fled to their grandmother's home, which was nearby. Their grandmother called 911.

Officer Iran Meadows, Chattanooga Police Department, testified that she responded to a "stabbing" call and that she saw Jeremia and Scottie Kennemer at their grandmother's home. Scottie had cuts on his arm and hand. Jeremia had a two-inch cut over his mouth, which was "gushing" blood. Meadows called paramedics due to the heavy bleeding from Jeremia's injury. Meadows proceeded to the home of Sharon Kennemer, where she found and arrested Winfield.

There was conflicting evidence at trial regarding the manner in which Jeremia was injured. Jeremia testified that Winfield cut him with a knife and that he was taken to the hospital and received stitches in his lip. Jeremia admitted, however, that he told the investigating officer that he had been hit with the telephone. Moreover, although Jeremia testified that he told hospital staff that he had been cut with a knife, the history summarized in the hospital medical records, which were admitted into evidence without objection, indicated that Jeremia received a "lip laceration" from being "struck in the mouth with a bottle."[4] Similarly, Officer Meadows testified that she learned at the hospital that Jeremia had been cut with a telephone or a bottle. Finally, Sharon and Scottie Kennemer both testified that they did not know how Jeremia was injured.

The jury acquitted Winfield of aggravated assault but convicted him of the lesser offense of assault against Jeremia Kennemer. The jury also convicted Winfield of assault against Sharon Kennemer. The trial court imposed the maximum sentence of eleven months and twenty-nine days for each offense after finding four enhancement factors. The Court of Criminal Appeals held that two of the enhancement factors were not supported by the record but affirmed the sentences after finding the additional enhancement factor that Winfield committed the offense against Jeremia

---

[4] Jeremia Kennemer's aunt is listed as the person who filled out the hospital forms, but it is not clear who gave the medical history or complaint.

Kennemer with a deadly weapon. Tenn. Code Ann. § 40-35-114(9).

Winfield sought permission to appeal, arguing that the Court of Criminal Appeals erroneously applied an enhancement factor based on facts underlying an offense for which he was acquitted. We granted the appeal to review this question of first impression.

## ANALYSIS

As this Court has not previously addressed the issue presented in this case, we will begin our analysis by reviewing the United States Supreme Court's decision in the similar case of Watts v. United States, 519 U.S. 148, 117 S. Ct. 633, 136 L. Ed. 2d 557 (1997). The Watts Court, interpreting the federal sentencing guidelines, held that a verdict of acquittal does not preclude the district court from considering facts underlying a charge for which there has been an acquittal, provided that the facts have been established by a preponderance of the evidence. 519 U.S. at 156, 117 S. Ct. at 637. The rationale was twofold: first, an acquittal requires a finding of reasonable doubt by the jury but does not establish factual innocence; and second, facts relevant to sentencing must be proven by a preponderance of the evidence and not beyond a reasonable doubt. Id.

We recently employed a similar analysis in State v. Carico, 968 S.W.2d 280 (Tenn. 1998). The defendant was convicted of the aggravated rape of his step-daughter. The trial court, finding that there had been evidence of sexual acts other than the single count for which the defendant was convicted, enhanced the sentence based on the defendant's history of criminal behavior. Tenn. Code Ann. § 40-35-114(1). We held that the Sixth and Fourteenth Amendments to the United States Constitution did not prohibit the sentencing court from considering prior criminal behavior for which there has been no conviction. Carico, 968 S.W.2d at 287. Like the United States Supreme Court in Watts, we stressed that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. Id.

We believe that allowing a sentencing court to consider facts underlying a charge for which there has been an acquittal is also consistent with the overall statutory scheme under the Criminal Sentencing Reform Act of 1989. The Act requires the sentencing court to consider a broad range of factors including "the evidence received both at the trial and at the sentencing hearing, the presentence report, statutory principles of sentencing, the argument of counsel, the nature and characteristics of the offense, mitigating and statutory enhancement factors, statements made by the offender, and the potential for rehabilitation or treatment of the offender." State v. Pearson, 858 S.W.2d 879, 885 (Tenn. 1993). With regard to enhancement factors, we have observed that the statute requires only that they be "appropriate for the offense" and "not themselves essential elements of the offense." Tenn. Code Ann. § 40-35-114; see State v. Poole, 945 S.W.2d 93, 95 (Tenn. 1997). The Act does not preclude consideration of facts proven by a preponderance of the evidence, even where the facts are the basis of a charge for which there has been an acquittal.

Accordingly, we hold that a sentencing court may apply an enhancement factor based on facts underlying an offense for which the defendant has been acquitted, so long as the facts have been

established in the record by a preponderance of the evidence.[5]  We now turn to the question of whether the Court of Criminal Appeals properly applied the "deadly weapon" factor in this case.

When reviewing the length, range or manner of service of a sentence imposed by the trial court, the appellate court must conduct "a de novo review on the record with a presumption that the determinations made by the [trial] court [we]re correct." Tenn. Code Ann. § 40-35-401(d) (1997).

To facilitate appellate review, the trial court "must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence." Poole, 945 S.W.2d at 96.

Where the trial court fails to comply with the statutory provisions of sentencing, appellate review is de novo without a presumption of correctness. Id.  Moreover, if, as in the present case, the trial court does not apply an enhancement factor, the appellate court is not precluded from applying the factor when undertaking its de novo review, if the factor is appropriate for the offense and established in the record.  Pearson, 858 S.W.2d at 885.

Here, the Court of Criminal Appeals found that the sentence for Winfield's conviction for the assault of Jeremia Kennemer could be enhanced based on the "deadly weapon" enhancement factor in Tenn. Code Ann. § 40-35-114(9).  In this case, however, there was conflicting evidence with regard to this factor, which hinged largely upon the credibility of a witness.[6]  Although the minor victim testified that Winfield cut him with a pocket knife, he had made an inconsistent statement to the investigating officer about the cause of the injury.  Similarly, the hospital medical records recite that the source of the lip laceration was a beer bottle.  We also observe that there was no evidence that a knife was recovered from Winfield or from the scene or even that the telephone cord had been cut.  The conflict in the evidence is further underscored by the fact that the jury acquitted Winfield of aggravated assault.

Accordingly, in our view the jury's acquittal on the charge of aggravated assault did not preclude the application of this enhancement factor.  It did, however, under the circumstances of this case, require factual findings to be made by the trial court to resolve the conflicts in the evidence and

---

[5]    The single published case relied upon by the defendant, State v. Embry, 915 S.W.2d 451 (Tenn. Crim. App. 1995), is therefore overruled to the extent that it is inconsistent with this opinion.

[6]    The Court of Criminal Appeals, in discussing the sufficiency of the evidence, noted that the evidence conflicted with regard to the cause of Jeremia's injury.  The court did not allude to this conflicting evidence, however, when it applied the deadly weapon enhancement factor.

to make credibility determinations.[7] The trial court heard the testimony and viewed the witnesses and is in a superior position to an appellate court to make such findings in a case where there is conflicting evidence regarding the existence of an enhancement factor. Cf., Pearson, 858 S.W.2d at 885 (Court of Criminal Appeals properly enhanced sentence based on defendant's criminal record set forth in the presentence report); State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993) (this Court applied enhancement factors for defendant's criminal record and abuse of position of trust, but declined to apply two other enhancement factors where the record did not contain sufficient facts).

Under the circumstances of this case, in which there was conflicting evidence and an acquittal on the greater charge of aggravated assault, we conclude that the Court of Criminal Appeals erred in applying the deadly weapon enhancement factor absent specific factual findings made by the trial court. This does not, however, require that the sentence be reduced. The two remaining enhancement factors applied by the trial court – that Winfield had a history of criminal convictions and behavior and that he had a history of unwillingness to comply with conditions of release – are fully supported by the record. Tenn. Code Ann. § 40-35-114(1) & (8). The presentence report, for example, indicates that Winfield has at least fifteen convictions for misdemeanors, not including the present charges. These enhancement factors substantially outweighed the mitigating factor found by the trial judge that Winfield was receiving treatment for his alcohol abuse. Accordingly, we affirm the Court of Criminal Appeals' judgment.

## CONCLUSION

We conclude that a sentencing court may apply an enhancement factor based on facts underlying an offense for which the defendant has been acquitted. We also conclude that the Court of Criminal Appeals erred in applying the deadly weapon enhancement factor under the circumstances of this case absent specific findings of fact by the trial court. We, however, have further determined that the sentence should not be reduced because the two remaining enhancement factors applied by the trial court are sufficient to support the sentence. The judgment of the Court of Criminal Appeals is affirmed. It appearing from the record that the defendant is indigent, costs are assessed to the State of Tennessee.

---

[7] Indeed, even in cases where there has not been an acquittal, we have stressed that the better practice is for the trial court to make the necessary findings regarding enhancement and mitigating factors. Pearson, 858 S.W.2d at 885.