IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 12, 2000

## STATE OF TENNESSEE v. DARRON LENON

**Direct Appeal from the Circuit Court for Gibson County**
**No. H 6623    Dick Jerman, Jr., Judge**

---

**No. W1999-01951-CCA-R3-CD - Filed January 19, 2001**

---

In this case the Defendant, Darron Lenon, was found guilty of unlawful delivery of a Schedule II controlled substance, a Class B felony, following a jury trial. The trial court imposed a maximum Range I sentence of twelve years. In this appeal, the Defendant, in three issues, argues that the trial court erroneously applied an enhancement factor; failed to apply a mitigating factor; and failed to follow the mandates of the Tennessee Criminal Sentencing Reform Act of 1989. The Defendant asks this court to reverse the trial court and impose the minimum sentence of eight years. We decline to do so, and therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Tom W. Crider, District Public Defender, and Kevin McAlpin, Assistant Public Defender, later substituted by Shannon A. Jones, Humboldt, Tennessee, for the appellant, Darron Lenon.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; Clayburn Peeples, District Attorney General; and William Bowen, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  FACTS

The proof at trial was that Anthony Pettigrew was a "cooperating individual" with the Humboldt Police Department in an undercover drug operation in 1997. Mr. Pettigrew worked with TBI agent Aaron Chism in making drug purchases. On September 8, 1997, Mr. Pettigrew and Agent Chism were riding around Humboldt attempting to purchase a quarter ounce of crack cocaine. On Calhoun Street in Humboldt, they went by a house where Pee Wee Emery resided to make the purchase. They were unable to make a purchase. Later, they went to a house on Craddock Street,

and the Defendant approached Mr. Pettigrew and asked if he was still interested in buying the quarter ounce of crack cocaine. The Defendant had earlier been on Calhoun Street when Mr. Pettigrew was first making inquiries for a purchase. The Defendant knew that Mr. Pettigrew had $250.00 to spend.

Pettigrew responded to Defendant that he was still wanting to make the drug purchase. Defendant told Pettigrew that he would take him somewhere to make the purchase. About this time, Derrick Ratliff walked up and offered to make the sale to Pettigrew. Defendant initially discouraged Pettigrew from purchasing from Ratliff, got into the vehicle with Pettigrew and Chism and went a short distance with them. Defendant, speaking of Ratliff, told Pettigrew "Man, I can't do him like that. Just go get it from him" (meaning Ratliff). Pettigrew backed the vehicle up and Defendant got out of the car. Pettigrew also got out of the vehicle and he and the Defendant walked over to Derrick Ratliff. Defendant and Ratliff began negotiating on what to transfer to Pettigrew, and Ratliff placed the crack cocaine into Pettigrew's hand. Defendant instructed Ratliff to give "all of them" to Pettigrew. Pettigrew handed the $250.00 to Defendant, then left with Chism in their vehicle. The weight of the crack cocaine transferred was 2.3 grams. In his testimony, which the jury obviously rejected, the Defendant admitted being in the presence of Pettigrew and Chism. Defendant also admitted that Pettigrew had asked him if he had some cocaine to sell. However, Defendant denied participating in the sale between Ratliff and Pettigrew and denied receiving any money.

## ANALYSIS

When a defendant challenges the length, range or manner of service of a sentence, the reviewing court must conduct a de novo review on the record with a presumption that the determinations made by the trial court were correct. Tenn. Code Ann. § 40-35-401(d). We condition the presumption of correctness "upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that a sentence is improper is on the appealing party. Tenn. Code Ann. § 40-35-401(d) (sentencing commission comments).

In reviewing the record, this court must consider (a) the evidence at the trial and the sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel, (e) the nature and characteristics of the offenses, and (f) the appellant's potential for rehabilitation. See Tenn. Code Ann. § 40-35-210; see also Tenn. Code Ann. § 40-35-102 & 103. In State v. Jones, 883 S.W.2d 597, 599-600 (Tenn. 1994), our supreme court said that "[t]o facilitate meaningful appellate review . . . the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence."

Following a sentencing hearing, in which only the Defendant and two witnesses called by the Defendant testified, the trial court set forth its entire ruling on sentencing as follows:

THE COURT:        I'll ask you to stand, please. The jury having found you guilty of unlawful delivery of a Schedule II Controlled Substance, over a half a gram, I hereby accept the verdict of the jury and find you guilty of that offense. I find there to be no mitigating circumstances. I find there to be an aggravation in that we have attempted to place you on probation or parole before and that has not worked and accordingly I'm going to sentence you to serve twelve years in the State Penitentiary. I'll designate you to be a Range One Standard Offender.

While the trial court may have considered the factors required by Tennessee Code Annotated section 40-35-210, this is not clear from the statements made by the trial court at the sentencing hearing. Therefore, the review of this sentence is de novo without the presumption of correctness.

The Defendant first argues that the trial court erred by applying the enhancement factor in Tennessee Code Annotated section 40-35-114(8) (the defendant has a previous history of unwillingness to comply with the conditions of his sentencing involving release in the community). While Defendant admitted that his probation for aggravated assault was revoked in 1995, the presentence report reflects that he successfully completed another probationary period for a misdemeanor theft conviction. Therefore, he argues that at most, the State only proved a "mixed history" of successful and unsuccessful probation. This argument does not persuade us and we find that the trial court properly found this enhancement factor to be applicable.

The State argues that the trial court also apparently found that enhancement factor (1) applies (previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range). While the trial court did not specifically find the applicability of this enhancement factor, we agree that it applies, based upon the undisputed record of Defendant's criminal history provided in the presentence report. See State v. Winfield, 23 S.W.3d 279 (Tenn. 2000) (an appellate court can find applicable an enhancement factor not found by the trial court unless there is disputed evidence on application of the enhancement factor which would require specific findings of fact by the trial court).

The State also asserts the application of enhancement factor (2), Defendant was a leader in the commission of an offense involving two or more criminal actions. Tenn. Code Ann. § 40-35-114(2) (1997). We find that application of this enhancement factor would require a specific finding of fact by the trial court, which is not found in the record. See Winfield, 23 S.W.3d at 283-84.

The Defendant next asserts that the trial court erred by not applying the mitigating factor in Tenn. Code Ann. § 40-35-113(4) (1997), "the defendant played a minor role in the commission of the offense." While we are unable to hold, without specific findings of fact by the trial court, that the Defendant was a leader in the commission of the offense, the record clearly indicates that the trial court did not err by refusing to find that the Defendant played a minor role in the commission of the offense. Thus, mitigating factor (4) was not applicable here.

Finally, the Defendant asserts that the trial court erred by failing to properly follow the mandates of the Tennessee Criminal Sentencing Reform Act of 1989 in setting the sentence at the maximum within the range.

Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. See Tenn. Code Ann. § 40-35-210(d). Where both enhancement and mitigating factors apply, the trial court must start at the midpoint of the range, enhance the sentence within the range as appropriate to the enhancement factors and then reduce the sentence within the range as appropriate to the mitigating factors. Tenn. Code Ann. § 40-35-210(e). In the case sub judice, we have found that two enhancement factors apply. The record indicates that the trial court obviously placed great weight on enhancement factor (8), because Defendant was given the maximum sentence within the range. The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court if the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and the record supports its findings. Hayes, 899 S.W.2d at 185. Here, the trial court's reasons for giving this one factor such great weight are absent from the record.

Yet, we find that in the space of seven years, Defendant has accumulated a criminal record which includes convictions from when he was 19, 21, 23, and now 26 years old. His prior record includes a misdemeanor theft conviction at age 23, a conviction of aggravated assault at age 21, a conviction of resisting arrest at age 21, another misdemeanor drug conviction at age 21, and a conviction of vandalism, "damaged property - private," at age 19. He has one prior felony conviction, for which he received probation that was subsequently revoked, due to his violation of the terms of his probation. Thus, based upon our de novo review, we find that the trial court did not err in imposing a sentence of twelve years. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE