IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 14, 2003 Session

## STATE OF TENNESSEE v. JAMES Q. WILKERSON

**Direct Appeal from the Circuit Court for Wilson County**
**No. 02-0012     J. O. Bond, Judge**

---

**No. M2003-01164-CCA-R3-CD - Filed February 4, 2004**

---

The Appellant, James Q. Wilkerson, appeals the decision of the Wilson County Circuit Court sentencing him to three years confinement in the Department of Correction. On appeal, Wilkerson contends that the trial court erred in denying an alternative sentence. After review, we conclude that the sentencing proof is insufficient to overcome the statutory presumption that Wilkerson is a favorable candidate for alternative sentencing. Accordingly, we modify Wilkerson's sentence to reflect a sentence of split confinement.

**Tenn. R. App. P. 3; Sentence Modified; Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Troy L. Brooks, Mt. Juliet, Tennessee, for the Appellant, James Q. Wilkerson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helena Walton Yarbrough, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Howard Chambers, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In September, 2001, the Appellant unlawfully entered the residence of his aunt and uncle and stole a television, VCR, eight guns, and a boom box valued at approximately $5,000. Following his indictment for aggravated burglary and class D felony theft, the Appellant pled guilty to aggravated burglary, a class C felony. Under the terms of the plea agreement, the theft charge was dismissed, and the Appellant agreed to the imposition of a three-year sentence with the manner of service to be determined by the trial court. Additionally, the Appellant agreed to pay restitution in the amount of

$1,380. Following a sentencing hearing, the trial court ordered total confinement with the recommendation that the sentence be served in a "special needs unit" in view of the Appellant's past mental history. This appeal followed.

## Analysis

On appeal, the Appellant raises the single issue of whether the trial court abused its discretion in ordering the Appellant to serve his three-year sentence in the Department of Correction. When an accused challenges the length, range, or manner of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

Under the Criminal Sentencing Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). In Tennessee, a defendant is eligible for probation if the sentence imposed is eight years or less, and "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants." Tenn. Code Ann. § 40-35-303(b) (2003). However, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303, Sentencing Commission Comments. The defendant bears the burden of demonstrating his suitability for probation. Tenn. Code Ann. § 40-35-303(b).

We begin our review by first observing that, because the Appellant was convicted of a class C felony, he is presumed to be a favorable candidate for alternative sentencing options. *See* Tenn. Code Ann. § 40-35-102(6). It is now well established that, unless there exists proof of any of the following three considerations, the sentencing court may not order total confinement:

A.  Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

B. Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

C.  Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

The proof at the sentencing hearing established that the Appellant was thirty years old and was living with his parents.  Other than three traffic violations, two of which occurred when he was eighteen, the Appellant had no prior criminal record.  While on bond for this case, the Appellant received two driving on suspended license charges and failed to appear on his scheduled court date. The Appellant had a stable employment history from 1993 to 2000.  At age twenty-six, he became addicted to crack cocaine and has been unable to break this addiction.  He explained that, at the time of this offense, he was on cocaine and that he stole the property to purchase more cocaine.  The Appellant is currently receiving treatment from two mental health programs, which he entered in 1998.  He has been diagnosed with chronic depression, Bipolarism, and situational depression.  He receives weekly counseling for these conditions and has been prescribed Wellbutrin, Zyprexa, and Tryazadone.  Additionally, the Appellant has completed drug abuse programs and regularly attends Alcohol and Narcotics Anonymous meetings.

At the conclusion of the hearing, the trial court denied alternative sentencing, finding that:

[He has] blamed it on crack cocaine since age 26.  He's now age 30.  He has a lot of problems.  We have no probation department that I know of that can handle these problems.  Nor would I want them to probably.

But just keep on violating the law while you're out after you get arrested. You violated it and violated it, and violate other laws, I don't have much sympathy for you.  In fact, I don't have any.  I think three years in the penitentiary would do you good.  You're talking about your programs, your programs, your program is not going to get you out of this.  What might have got you out of it would have [to be] a man and went out here and got you a job and start acting right, paying people off ahead of time and made a real effort, but then to come in here and lie to me about you paying it, and your mama paid it.  She wrote the check for me, what little bit has been paid up here.  Just an out and out lie to this Court and that nailed you when you did that, by the way.  I mean, that really put the cap on the little boy[']s head.

Three years Department of Correction special needs unit.

It is evident from the record that the trial court placed great significance upon the Appellant's testimony regarding the payment of restitution. During direct testimony, the Appellant acknowledged that he owed restitution in the amount of $1,380 and that he had paid $300 toward this amount. During cross-examination of the Appellant's mother by the State, the following colloquy occurred:

Q. . . . Do you know how much Quincy had paid in restitution?

A. $300.

Q. And do you know where he got that money?

A. From me.

Q. Did you help him with it?

A. Yes.

Q. And did Quincy - -

THE COURT: Mr. Wilkerson you just lied to me.

MR. WILKERSON: No, it was money I had saved up - -

THE COURT: Your mother just said she gave it to you.

MR. WILKERSON: I gave her all my money - -

THE COURT: Go ahead. Ask her something else.

[DEFENSE COUNSEL]: I need her to explain that, Judge.

THE COURT: I don't need it explained.

. . .

Q. Mrs. Wilkerson, did Quincy at any time have any money saved up that he was putting back?

A. Yes, he did. Because for a good number of months, you know, I was keeping his account and, you know, there was always a balance. As a matter of fact if I went back and looked at my records I might see that there's still a balance there. But at this point in time we just wrote a check. I didn't go back and look - - yeah, I could go back and look, I may be wrong. I just know that we actually wrote the check. But

-4-

that's the way most of his bills are paid anyway because he didn't have a checking account. He would give me his check and I would deposit it into my account and I just kept a financial chart on my computer.

First, we would observe that, while candor is relevant in determining the potential for rehabilitation, absent other factors, untruthfulness to the court will not *per se* warrant a denial of all alternative sentencing. *State v. Kevin S. Phillips*, No. 03C01-9801-CR-00024 (Tenn. Crim. App. at Knoxville, Mar. 12, 1999). Moreover, the proof does not preponderate in favor of the court's finding that the Appellant "lied" to the court. Of greater significance, however, is the fact that total confinement is not supported by any of the requisite sentencing considerations of Tennessee Code Annotated section 40-35-103. For these reasons, imposition of a sentence of total confinement is improper. Nonetheless, we are unable to conclude that the trial court erred in determining that the Appellant had not met his burden of demonstrating suitability for full probation.

Upon *de novo* review of the record, we conclude that a sentence of split confinement will both serve the ends of justice and fulfill the rehabilitative needs of the Appellant. Accordingly, the Appellant's sentence is modified to reflect service of 180 days in confinement to be followed by three years supervised probation. In addition, the Department of Correction's recommended four-point plan of supervision, as contained in the pre-sentence report, is to be incorporated as conditions of probation. This case is remanded for entry of a judgment consistent with this opinion.

_____
DAVID G. HAYES, JUDGE