# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 2, 2004

## STATE OF TENNESSEE v. TERRY S. PORTER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-04255-57      Chris Craft, Judge**

---

**No. W2002-03001-CCA-R3-CD  - Filed April 13, 2004**

---

A Shelby County jury convicted the defendant of arson, a Class C felony, and two counts of reckless homicide, Class D felonies. The trial court sentenced the defendant as a Range II multiple offender to ten years confinement for the arson conviction and seven years for each reckless homicide conviction with all sentences to run consecutively, for an effective sentence of twenty-four years. The defendant challenges his sentence on appeal, arguing the trial court's consideration of enhancement factors was improper and his sentences should run concurrently. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

William D. Massey (at trial and on appeal), Lorna S. McClusky (at trial), and Gerald Skahan (at trial), Memphis, Tennessee, for the appellant, Terry S. Porter.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee V. Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Although sufficiency of the evidence is not an issue on appeal, we will relate certain facts as presented at trial in order to place the sentencing issues in proper perspective. At approximately 3:00 a.m. on October 22, 2000, Katherine Maceri was awakened by the defendant banging and screaming at her door that his ex-wife's house was on fire. The defendant's ex-wife was Maceri's neighbor. Maceri called 9-1-1, and firefighters were called to the scene.

The defendant's ex-wife, Linda Porter, and her boyfriend, Andrew Scarmoutsos, were trapped inside Porter's burning house. Maceri and other neighbors came to aid the victims, but iron

bars built into the brick and masonry denied entrance or escape. Both Porter and Scarmoutsos died from smoke inhalation. Porter's house was destroyed, as was a trailer parked in the carport which contained the personal belongings of Doug Elvabakken. A firefighter was injured fighting the blaze.

The defendant gave multiple and conflicting explanations of his presence at Porter's house to more than one witness. Visibly intoxicated, the defendant explained to Maceri that he was "just driving by," and that he had been involved in a car wreck. He explained to firefighters that he had been asleep in the house when the fire awakened him.

Hours before the fire, the defendant and Doug Elvabakken had argued, and the defendant had called the police to force Elvabakken to leave Porter's residence. The defendant threatened Elvabakken and the son of Elvabakken's girlfriend with a knife and threatened to burn the trailer containing Elvabakken's property.

Memphis Fire Department Investigators determined the fire had three different points of origin. Investigators also discovered traces of a Class II accelerant at two of the points of origin. Investigators further identified traces of a Class II accelerant on the overalls which the defendant was wearing at the time of the fire.

**SENTENCING HEARING**

The presentence report was admitted into evidence at the sentencing hearing. The presentence report reflects three prior felony convictions, ten prior misdemeanor convictions, and two probation violations. The parties stipulated the defendant was a Range II multiple offender.

The trial court enhanced the defendant's sentences for all three offenses based upon the following enhancement factors: (2) "a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range"; (4) "the offense involved more than one victim"; and (9) "the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community[.]" *See* Tenn. Code Ann. § 40-35-114(2), (4), (9) (2003). The trial court applied the following enhancement factors only to the defendant's arson conviction: (7) "the personal injuries inflicted . . . or the amount of damage to property was particularly great"; (11) "the defendant had no hesitation about committing a crime when the risk to human life was high"; (13) "the actions of the defendant resulted in the death of or serious bodily injury to a victim"; and (17) "the crime was committed under circumstances under which the potential for bodily injury to a victim was great." *See id.* § 40-35-114(7), (11), (13), (17) (2003).

The trial court found no mitigating factors. The trial court sentenced the defendant as a Range II multiple offender to seven years for each reckless homicide conviction and to ten years for the arson conviction. The trial court then ordered the defendant's sentences to run consecutively, for an effective sentence of twenty-four years. In making this determination, the trial court found the defendant's criminal record was extensive and the defendant was a "dangerous offender." *See id.* § 40-35-115(b)(2), (4).

# I. STANDARD OF REVIEW

A defendant's sentence is reviewed by the appellate courts *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's actions, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

While determining or reviewing a sentence, the courts must consider: (1) the evidence received at trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence offered by the parties on the enhancement and mitigating factors; (6) any statement the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b); State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

# II. SENTENCING ANALYSIS

## A. Enhancement Factors

The defendant argues the trial court improperly enhanced his sentences by: (a) considering arrests which did not result in convictions, as support for enhancement factor (2); (b) placing inordinate weight in the arson sentence on factors (11) and (17), involving a high risk to human life and the potential for serious bodily injury; and (c) applying factor (4), the multiple victim enhancement factor, to the defendant's reckless homicide convictions. *See* Tenn. Code Ann. § 40-35-114(2), (4), (11), (17) (2003).

The defendant correctly states the trial court may not consider arrests alone to support enhancement factor (2). *See* State v. Bottoms, 87 S.W.3d 95, 102 (Tenn. Crim. App. 2001). However, contrary to the defendant's contention, the record does not reflect the trial court's reliance upon mere arrests in applying this factor. Regardless, the record reflects the defendant has a prior felony conviction in addition to the two felonies necessary for Range II status and ten prior misdemeanor convictions. The trial court properly applied and gave great weight to enhancement factor (2).

We can find no support in the record for the defendant's contention that the trial court placed undue emphasis on enhancement factors (11) and (17). *See* Tenn. Code Ann. § 40-35-114(11), (17) (2003). The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The defendant's contention is without merit.

The defendant contends the multiple victim enhancement factor is inapplicable to the reckless homicide convictions. *See* Tenn. Code Ann. § 40-35-114(4) (2003). The state argues this

factor may be applied to the reckless homicides because the defendant's criminal act victimized others not named in the indictment. The state contends the destruction of the property of Doug Elvabakken and the injury to the firefighter allows the application of this enhancement factor to the reckless homicide convictions. The state's argument was rejected by our supreme court when it held this factor may not be applied to an offense against a "specific, named victim." Imfeld, 70 S.W.3d at 706. The defendant correctly contends the trial court erred in applying this factor to the reckless homicide convictions.

The trial court properly applied enhancement factors (2), (4), (7), (9), (11), (13), and (17) to the arson conviction. The range of punishment is six to ten years as a Range II multiple offender for arson. *See* Tenn. Code Ann. § 40-35-112(b)(3). The trial court did not err in setting the arson sentence at ten years.

The trial court properly applied enhancement factors (2) and (9) to the defendant's two convictions for reckless homicide. *See id.* § 40-35-112(b)(2), (9) (2003). As stated, the trial court misapplied enhancement factor (4), multiple victims. However, the wrongful application of one or more enhancement factors does not necessarily lead to a reduced sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). The range of punishment for reckless homicide as a Range II multiple offender is four to eight years. We conclude enhancement factors (2) and (9) support the seven-year sentences for the reckless homicide convictions.

## B. Consecutive Sentences

The defendant contends the trial court erred in ordering consecutive sentences. Initially, he argues the trial court erred in finding he had an extensive criminal record. *See* Tenn. Code Ann. § 40-35-115(b)(2). The record reflects the defendant was previously convicted of three felonies and ten misdemeanors prior to the offenses which are the subject of this appeal. This criminal history amply qualifies as "extensive" and serves to bring the defendant within the purview of the statute.

Finally, the defendant argues the trial court erred in finding the defendant to be a "dangerous offender." *See id.* § 40-35-115(b)(4). A "dangerous offender" is one "whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." *Id.* In the event the trial court finds a defendant to be a "dangerous offender," it must also determine whether consecutive sentences (1) are reasonably related to the severity of the offenses committed; and (2) serve to protect the public from further criminal conduct by the offender. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). In ordering consecutive sentences, the trial court found the statutory criteria had been established. In addition, the trial court found (1) "the consecutive terms reasonably related to the severity of the offenses"; and (2) society needs to be "protect[ed] . . . from this man." The trial court, therefore, made the requisite Wilkerson findings.

In summary, there is no basis to disturb consecutive sentencing. The trial court properly imposed an effective sentence of twenty-four years.

## CONCLUSION

Based upon our review of the record, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE