IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 26, 2020

## STATE OF TENNESSEE v. NICHOLE LARAE MARLOW

**Appeal from the Criminal Court for Campbell County**
No. 17824    E. Shayne Sexton, Judge

———————————————————

### No. E2019-01878-CCA-R3-CD

———————————————————

The Appellant, Nichole Larae Marlow, pled guilty in the Campbell County Criminal Court to possession of contraband in a penal institution, a Class D felony, and received a seven-year sentence to be served in confinement. On appeal, the Appellant contends that her sentence is excessive and that the trial court erred by denying her request for alternative sentencing. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

William Wesley Brooks, Tazewell, Tennessee, for the appellant, Nichole Larae Marlow.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Jared Ralph Effler, District Attorney General; and David M. Pollard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual Background

In January 2018, the Campbell County Grand Jury indicted the Appellant for possession of a Schedule III controlled substance, Suboxone, in a penal institution. In July 2019, she pled guilty. A transcript of the guilty plea hearing is not in the appellate record. However, according to the affidavit of complaint in the technical record, a female officer with the Campbell County Sheriff's Department learned the Appellant may have taken contraband into a penal facility. The officer and another female officer searched the Appellant and had the Appellant "squat and cough." The Appellant tried to conceal an

object in her "private area" but ultimately turned over the object, which was a "case" containing twenty-two Suboxone strips.

Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the Appellant's sentence. At the sentencing hearing, Kelly Andrews of the Tennessee Department of Correction, Probation and Parole, testified that she prepared the Appellant's presentence report. In 2002, the Appellant was convicted of a Class C felony involving drugs and was sentenced to probation. In 2003, the Appellant pled guilty to federal charges and received a five-year sentence to be served on probation. However, her probation sentence was revoked, and she was ordered to serve six months in confinement followed by thirty-six months on supervised release. The Appellant served her six-month sentence in confinement, but her federal supervised probation was revoked again. Andrews acknowledged that the Appellant had pled guilty to thirteen counts of theft of property valued less than five hundred dollars, thirteen counts of attempted forgery, and one count of criminal impersonation. In July 2014, a violation of probation affidavit alleged that the Appellant violated probation by not paying court costs and fees.

Andrews testified that the Appellant committed the offense in the instant case on December 7, 2017. At that time, the Appellant was on bail in case number 17,763 for burglary and two counts of felony theft. Moreover, just a few months prior to committing the offense in this case, the Appellant violated probation by being charged with theft of property valued less than $1,000 and by failing to pay court costs, fines, and fees. Andrews acknowledged that one week after the Appellant was charged in this case, an amended violation of probation warrant was filed, alleging that the Appellant violated probation by failing to report; by failing to pay court costs, fines, and fees; by failing to report for random drug screens; by failing to obtain "A&D assessment"; and by "picking up the new charges." At the time of the Appellant's sentencing hearing in this case, charges were pending against her for evading arrest and criminal impersonation.

On cross-examination, Andrews testified that the Appellant claimed she completed a five-hundred-hour drug treatment program while in federal custody. Andrews acknowledged that the Appellant may have had a prescription for Suboxone.

The State introduced the Appellant's presentence report into evidence. According to the report, the then forty-four-year-old Appellant was married but separated from her husband and had one daughter. The Appellant stated in the report that she graduated from high school in 1993 and attended community college for three years but "dropped out" when she became pregnant. In the report, the Appellant described her mental condition as "good" and her physical condition as "fair" due to fibromyalgia, two back surgeries, degenerative disk disease, and "extremely" high blood pressure. The Appellant said that she needed knee surgery; that she took medication for high blood pressure, her thyroid,

sleep issues, and depression; and that she had been prescribed Suboxone for seven years. The Appellant said in the report that she began consuming alcohol when she was fourteen years old; that she used to be an intravenous drug user; and that she had used pain pills, methamphetamine, THC, cocaine, Suboxone, and heroin in the past. The Appellant stated that she currently received social security disability benefits due to her back problems and fibromyalgia but that she previously worked at Arby's, Camels, Shoe Show, and Triple D. She also worked as a substitute teacher for eight years. The report showed that the Appellant had prior felony convictions for burglary, drug possession, and theft and prior misdemeanor convictions for possession of drug paraphernalia, drug possession, criminal impersonation, casual exchange, theft, attempted forgery, and passing worthless checks. According to the report, Andrews found "several" misdemeanor probation violations in the Appellant's criminal history.

At the conclusion of the hearing, the trial court noted that the Appellant was a Range II, multiple offender facing a four- to eight-year sentence. See Tenn. Code Ann. § 40-35-112(b)(4). The trial court stated that "the argument could be made that the defendant entered the jail for the purpose of taking Suboxone in and not necessarily for personal use." At that point, the State advised the trial court that "the proof at trial would have been that there was a tip that she might be carrying" but that "[i]t's just pure speculation whether or not she was dealing those or not, we couldn't prove that." The trial court responded that people were able to get drugs into jails "due to actions such as this." The trial court found that enhancement factor (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range," and that mitigating factor (1), that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury," applied to the Appellant's sentence. Tenn. Code Ann. §§ 40-35-113(1), -114(1). The trial court stated that the Appellant "will continue to break the law," that the Appellant did not have "any real hope of rehabilitation," and that "alternative sentencing is [not] gonna work in this case." The trial court found that confinement was necessary to avoid depreciating the seriousness of the offense or particularly suited to provide an effective deterrence to others likely to commit similar offenses and that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the defendant.

## II. Analysis

The Appellant contends that her seven-year sentence is excessive and that the trial court erred by denying her request for alternative sentencing. This court reviews the length, range, and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); State v. Caudle, 388 S.W.3d 273, 79 (Tenn. 2012) (applying the standard to alternative sentencing). In determining a defendant's sentence, the trial court considers

the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in her own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the Appellant to demonstrate the impropriety of her sentence. See Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343 (quoting Tenn. Code Ann. § 40-35-210(d)). Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

Initially, we note that the Appellant failed to include the transcript of the guilty plea hearing, in which the State would have presented the factual basis for the plea, in the appellate record. Our supreme court has held that when a record does not include a transcript of the guilty plea hearing, this court should determine "on a case-by-case basis

whether the record is sufficient for a meaningful review under the standard adopted in Bise." State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). We conclude that the affidavit of complaint in the technical record and the facts provided in the presentence report provide us with sufficient information for appellate review. As a result, we may presume that the missing plea hearing transcript would support the ruling of the trial court. See id.

The Appellant contends that the trial court improperly "enumerated other factors and considerations in handing down its sentence." Specifically, the Appellant contends that the trial court enhanced her sentence and denied alternative sentencing on the basis that she entered the jail for the purpose of introducing Suboxone to the jail population. The Appellant contends that the trial court erred because "that finding of fact" was not supported by the record.

We note that although the State advised the trial court that the State would have been unable to prove at a trial that the Appellant took Suboxone into the jail for the purpose of introducing it to the jail population, the State must establish facts relevant to sentencing by a preponderance of the evidence, not beyond a reasonable doubt. State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000). In any event, even if the trial court erred by applying enhancement factor (1) on the basis that the Appellant took Suboxone into the jail for the purpose of introducing it to inmates, the trial court properly applied enhancement factor (1) for the Appellant's numerous prior criminal convictions and behavior.

Regarding alternative sentencing, a defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The Appellant's sentence meets this requirement. Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). In the instant case, the Appellant is not considered to be a favorable candidate for alternative sentencing because she is a multiple offender.

The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, a court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

Here, the trial court denied alternative sentencing by finding that confinement was necessary to avoid depreciating the seriousness of the offense or particularly suited to provide an effective deterrence to others likely to commit similar offenses and by finding that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. The trial court also found that the Appellant had no potential for rehabilitation. Given the Appellant's continued drug use despite five hundred hours of treatment, her continuing to commit crimes, and her frequent violations of probation, we agree with the trial court. Accordingly, we conclude that the trial court did not abuse its discretion by denying the Appellant's request for alternative sentencing.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE