IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 17, 2004

## STATE OF TENNESSEE v. LINC SEBASTIAN BAIRD

**Appeal from the Criminal Court for Knox County**
**No. 75360, 76867, 72235, 72236     Ray Jenkins, Judge**

_____

**No. E2003-02506-CCA-R3-CD - Filed October 29, 2004**

_____

The Appellant, Linc Sebastian Baird, appeals the sentencing decision of the Knox County Criminal Court.  Baird pled guilty to the crimes of robbery and attempt to obtain a controlled substance by fraud and was sentenced  to consecutive sentences of five years for robbery and three years for the criminal attempt.  On appeal, Baird asserts that the trial court erred by: (1) imposing excessive sentences and (2) denying him an alternative sentence.  After review of the record, we find no error and affirm the sentences.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Mark E. Stephens, District Public Defender; Robert C. Edwards, Assistant Public Defender, Knoxville, Tennessee, for the Appellant, Linc Sebastian Baird.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In February 2001, the Appellant entered the Favorite Market in Knoxville and, after making threats to the cashier, robbed the market of the money in the cash drawer.  The Appellant was indicted for this crime in August 2002.

In November 2002, the Appellant attempted to obtain a prescription for Lortab from a Knoxville Kroger Pharmacy with an invalid prescription.  The appellant was indicted for this crime in March 2003.

In addition to these indicted offenses, in August 2002, the Appellant stole $15.52 of gasoline from a gas station and then attempted to run over the manager of the station as she was obtaining license tag information from his car. Based upon this conduct, the Appellant pled guilty to theft and assault in October 2002 in the Knox County General Sessions Court and received consecutive eleven month and twenty-nine day sentences, which were suspended. In May 2003, the Knox County General Sessions court revoked the Appellant's suspended sentences and ordered service of the two eleven month and twenty-nine day sentences. The order of revocation was appealed to the Knox County Criminal Court on May 9, 2003.

On July 30, 2003, the Appellant pled guilty to the indicted charges of robbery and criminal attempt to obtain a controlled substance by fraud. A sentencing hearing was scheduled for September 12, 2003, for determination of the manner and service of these sentences, in addition to hearing the Appellant's appeal of the revocation by the general sessions court.

Following the scheduled hearing, the Knox County Criminal Court affirmed the general sessions court's revocation order but modified the Appellant's consecutive sentences to reflect concurrent sentences of eleven months and twenty-nine days. With respect to the robbery and criminal attempt convictions, the trial court found two applicable enhancement factors, that the Appellant had a previous criminal history and a previous history of unwillingness to comply with the conditions involving release in the community. The trial court considered the evidence presented that the Appellant suffered from depression and substance abuse but assigned no mitigating value to this proof for sentencing purposes. The court then imposed sentences of five years for the robbery conviction and three years for the attempt to obtain a controlled substance by fraud conviction. The sentences were mandatorily consecutive, as the second offense occurred while the Appellant was on bond for the first. *See* Tenn. R. App. P. 32(c)(3)(C). Further, the Appellant's request for probation was denied. This appeal followed.[1]

**Analysis**

On appeal, the Appellant raises two issues for our review. First, he asserts that the trial court erred by imposing excessive sentences. Specifically, he asserts that the trial court failed to properly weigh the enhancing and mitigating factors and that the sentences imposed are excessive under the sentencing considerations set out in Tennessee Code Annotated section 40-35-103.

---

[1] Originally this appeal included the Appellant's appeal of the Knox County Criminal Court's affirmance of the revocation of his suspended sentences. In his brief, he concedes that, as a result of the modification of his sentences to concurrent service, the sentences have now been served, and no further review is necessary.

Additionally, we would note that the Appellant filed a motion for reconsideration of the trial court's decision on October 27, 2003, asserting "that additional information is now at hand that when taken together with the information offered to the Court at the sentencing hearing and justifies a sentence of probation. . . ." A hearing was held on the motion on January 23, 2004, with "reconsideration" taken under advisement. However, no ruling on this motion is included in the record.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

The Appellant was convicted as a Range 1 standard offender of robbery, a class C felony, which carries a sentence range of three to six years. Tenn. Code Ann. § 40-35-112(a)(3) (2003). He was also convicted of the attempt to obtain a controlled substance through fraud, a class D felony, which carries a range of two to four years. Tenn. Code Ann. § 40-35-112(a)(4). The presumptive sentence to be imposed by the trial court for a class C or D felony is the minimum sentence within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). When there are enhancement factors and no mitigating factors, the court may sentence above the minimum in the range. Tenn. Code Ann. § 40-35-210(d). If both enhancement and mitigating factors are present, the court must start at the minimum sentence, enhance as appropriate for enhancement factors, and then reduce the sentence as appropriate for applicable mitigating factors. Tenn. Code Ann. § 40-35-210(e).

First, the appellant disputes the weight given to the two enhancement factors found by the trial court, that the Appellant had a previous history of both criminal convictions or behavior and an unwillingness to comply with the conditions of a sentence involving release into the community. *See* Tenn. Code Ann. § 40-35-114 (2), (9) (2003). As to enhancement factor (2), the Appellant, while admitting that prior misdemeanor convictions were present, asserts that "[t]o the extent all of these prior convictions comprise evidence of the enhancing factors they should be accord[ed] very little weight given the nature of the offenses involved." However, the weight to be assigned to the appropriate enhancement and mitigating factors falls within the sound discretion of the trial court so long as that court complies with the purposes and principles of the 1989 Sentencing Act and its findings are supported by the record. *State v. Boggs*, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). It is clear from the record that the trial court, despite the Appellant's assertion to the contrary, did consider the purposes and principles of the Act. Additionally, with regard to factor (2), the trial court's finding is supported by the record.

The pre-sentence report admitted into evidence established that the Appellant had prior convictions for forgery, casual exchange, DUI, and public intoxication dating back to 1991. The Appellant, who is now thirty-three, was first arrested at age nineteen and has progressed from simple misdemeanors to the more serious felonies before us in the present case. Additionally, the Appellant admitted a history of abuse of prescription drugs, alcohol, and marijuana. In our view, the record supports the trial court's application of this factor.

The Appellant also asserts that enhancement factor (9), a previous unwillingness to comply with the terms of release into the community, was improperly applied. The Appellant does not dispute the fact that he was placed on probation for the assault and theft convictions and that both of those sentences were revoked after he committed additional crimes. The record indicates that the Knox County General Sessions Court revoked the Appellant's two probationary sentences on May 7, 2003, "for violating the laws of the State." In the absence of other criminal convictions in the pre-sentence report, we must assume that the revocation occurred as a result of the criminal attempt to obtain a controlled substance by fraud conviction. Thus, the holding of *State v. Hayes*, 899 S.W.2d 175 (Tenn. Crim. App. 1995) precludes application of factor (9) to the criminal attempt conviction, as no previous history was shown to exist other than his being on probation when the offense was committed. *Hayes* clearly states that the commission of the offense for which a defendant is being sentenced may not serve as the trigger for application of factor (9), as there must be a previous history of unwillingness to comply. *Id*. at 186. Accordingly, we conclude that application of factor (9) to the Appellant's sentence for criminal attempt was error.

However, there is no such preclusion with regard to the robbery conviction, as the revocation of the theft and assault sentences were not based upon the commission of the robbery. Nor is application of the factor precluded because the robbery occurred prior to the Appellant's being placed on probation. This court has previously held that a sentencing court "can consider criminal convictions or any other criminal behavior which occurred prior to the sentencing hearing as constituting a previous history of criminal convictions or criminal behavior, regardless of whether the convictions or behavior occurred before or after the criminal conduct under consideration." *State v. John Allen Chapman*, No. 01C01-9604-CC-00137 (Tenn. Crim. App. at Nashville, Sept. 30, 1997) (citing *State v. Poole*, No. 02C01-9506-CC-00178 (Tenn. Crim. App. at Jackson, Jan. 31, 1996)). Similarly, we conclude that because the revocation occurred before sentencing in the robbery case, it may be properly utilized to support enhancement factor (9). It is clearly a part of the Appellant's prior criminal history and probative of his ability, or in this case, inability to follow rules of probation.

The Appellant also asserts that the trial court erred by not mitigating his sentences under mitigating factor (13) due to the Appellant's problems with depression and substance abuse. The Appellant contends that it was because of his depression over a broken marriage that he committed the present robbery. He presented proof that his mental health had improved while incarcerated and that he had made attempts to deal with his problems by voluntarily seeking treatment for alcohol and substance abuse. The court noted that it considered the evidence but found that this information did not carry sufficient weight to reduce the sentences. Again, it is the trial court who hears the evidence

first-hand, and the weight given to a particular factor is in the sound discretion of the trial court. We cannot say that the evidence preponderates against the trial court's findings.

Thus, having determined that the trial court properly applied all enhancing and mitigating factors to the robbery conviction, we conclude that his sentence of five years is justified. Moreover, we conclude that the Appellant's sentence of three years for attempt to obtain a controlled substance by fraud is supported by the record, despite the trial court's erroneous application of enhancement factor (9). The application of enhancement factor (2), prior criminal convictions, is sufficient to increase the Appellant's sentence one year beyond the statutory minimum. This issue is without merit.

Second, the Appellant asserts that the trial court erred by denying him an alternative sentence. A defendant convicted of a Class C, D, or E felony and sentenced as a mitigated or standard offender is presumed to be a favorable candidate "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Guidance regarding what constitutes "evidence to the contrary" to rebut the presumption can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

At the hearing, the Appellant presented evidence from a probation officer who testified that he was a suitable candidate for full probation because he had sought help for his problems and sincerely seemed to have a plan for his life. The Appellant also presented letters from family and friends underscoring the support of his family, his educational achievements and abilities, and his prospects for rehabilitation. The State, in response, argued the Appellant's inability to successfully utilize rehabilitative opportunities and the Appellant's recent drug relapse.

Although the presumption of an alternative sentence was available to the Appellant, as he was convicted of only C and D felonies, the trial court denied any form of alternative sentencing finding that: (1) confinement was necessary to avoid depreciating the seriousness of the offenses and (2) that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the Appellant. Additionally, it is noted on the judgment forms that probation was denied because it was necessary to imprison the Appellant "for his own best interest and especially for the protection of the public."

The record supports the finding that non-incarcerative programs have proven futile in deterring the Appellant from criminal conduct. As noted in this appeal, the Appellant was revoked twice for violating probation and was on probation at the time the attempted drug offense occurred. Accordingly, the trial court was justified in ordering sentences of total confinement in view of these facts.

## CONCLUSION

Based upon the foregoing, we affirm the sentencing decision of the Knox County Criminal Court.

_____
DAVID G. HAYES, JUDGE