IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs May 22, 2007

**STATE OF TENNESSEE v. TERNA HATTEN**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 252784    Rebecca J. Stern, Judge**

_____

**No. E2006-01923-CCA-R3-CD - Filed August 22, 2007**

_____

The defendant, Terna Hatten, appeals the five-year sentence he received after pleading guilty to aggravated assault, a Class C felony. He argues that the length of the imposed sentence was too long and that the trial court erred in enhancing his sentence beyond the minimum of three years. After review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Brandon Raulston, Chattanooga, Tennessee, for the appellant, Terna Hatten.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William H. Cox, III, District Attorney General; and Boyd M. Patterson, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was initially charged in a three-count indictment with attempted first degree murder, aggravated assault with a deadly weapon, and reckless endangerment stemming from events that occurred on October 24, 2004. He pled guilty to the charge of aggravated assault, and the other charges were dismissed. His plea agreement included the condition that the trial court would conduct a sentencing hearing and impose his sentence thereafter. The trial court conducted the sentencing hearing on August 8, 2006. During the hearing, testimony was given by the eight-year-old victim, the victim's mother, the lead police investigator for the case, and the defendant. At the conclusion of the proof, the court sentenced the defendant to five years in confinement. The court found that Tennessee Code Annotated section 40-35-114 (2004) enhancing factors (7), (9), (11), and (21) applied and enhanced the defendant's sentence to six years. The court then reduced the sentence to five years after concluding that some mitigating factors were applicable, including: the defendant was young; he lacked an adult record; and he had been in custody for two years at the time

of the sentencing hearing. The defendant was sentenced to the Department of Correction because the court determined that confinement was necessary to protect society by restraining a defendant with a long history of criminal conduct, to avoid depreciating the seriousness of the offense, and because measures less restrictive than confinement were frequently and recently unsuccessfully applied to the defendant.

Analysis

On appeal, the defendant argues that the trial court erred in sentencing. He contends the court erred in finding that: the injuries inflicted on the victim were particularly great; he had a history of unwillingness to comply with release into the community; and measures less restrictive than confinement had been frequently unsuccessful for him. The State argues that the trial court considered all relevant factors and properly sentenced the defendant.

When a defendant challenges the length, range, or manner of service of a sentence, this court conducts a de novo review of the record with a presumption that the determinations made by the sentencing court are correct. T.C.A. § 40-35-401(d) (1997). If our review reflects that the trial court followed the statutory sentencing procedure, that it imposed a lawful sentence after duly considering and weighing the factors and principles set out under the sentencing law, and that its findings are adequately supported by the record, then we may not disturb the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). However, if the trial court failed to comply with the statutory guidelines, we must review the sentence de novo without a presumption of correctness. State v. Poole, 9455 S.W.2d 93, 96 (Tenn. 1997).

The defendant bears the burden of proving the sentence is improper. See T.C.A. § 40-35-401, Sentencing Commission Comments. To determine whether the defendant has carried his burden, this court considers: (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel as to sentencing alternatives; (e) the nature and characteristics of the offense; (f) the enhancement and mitigating factors; and (g) the defendant's potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-103(5), -210(b).

Here, the defendant specifically contends that the trial court erred in applying the enhancement factors codified in Tennessee Code Annotated section 40-35-114 (7), the personal injuries inflicted upon the victim were particularly great, and (9), the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. He argues that the application of enhancement factor (7) was erroneous because bodily injury was an element of the offense. To support his argument, the defendant relies on the decision in State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994), which concluded that Tennessee Code Annotated section 40-35-114 specifically prohibited the use of enhancement factors which are essential elements of the offense charged. The Jones opinion also states that, prior to applying an enhancement factor, the trial court must identify the specific elements of the offense charged and the proof that established the offense. Jones, 883 S.W.2d at 599-600. The court also stated that

proof of serious bodily injury will always constitute proof of particularly great injury and concluded that the same facts used to find the serious bodily injury element of aggravated assault could not be used to enhance the defendant's sentence. Id. at 602.

Here, the record reflects that the court did identify the specific elements of the offense charged prior to applying enhancement factor (7). The transcript of the sentencing hearing reflects that the defendant pled guilty to Tennessee Code Annotated section 39-13-102(a)(1)(B), which concerned aggravated assault with a deadly weapon. The indictment states that the defendant was charged with causing bodily injury to the victim by the use of a deadly weapon. This prong of the aggravated assault statute does not rely on serious bodily injury as an element of the crime and is therefore available to use as an enhancing factor when the serious injury occurs.

However, assuming arguendo that it was error for the trial court to apply enhancement factor (7), the defendant is not automatically entitled to relief. The wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). This determination requires that we review the evidence supporting any remaining enhancement factors, as well as the evidence supporting any mitigating factors. State v. Imfeld, 70 S.W.3d 698, 707 (Tenn. 2002). The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). "[A] defendant's 'sentence is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years.'" State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001)(quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)). Even if the enhancement factor for serious bodily injury were to be removed, there is sufficient justification for the sentence imposed by the trial court when the other factors and elements are considered. We conclude that the trial court properly applied enhancement factor (7) because sustaining bodily injury was not an element of the aggravated assault offense for which the defendant pled guilty.

The defendant also argues that the trial court erred in finding that he had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. He specifically contends that there is no evidence in the record to support the application of this enhancement factor. However, the presentence report reflects that the defendant violated his probation at least three times as a juvenile. The defendant contends that the presentence report was not included as a part of this record on appeal. Our review reveals that the presentence report was included in the record as Exhibit 1 from the sentencing hearing. It is the duty of the accused to provide a record that conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Had the presentence report not been included as part of the record, the responsibility for its omission would have fallen on the defendant and this issue would have been waived for failure to provide a complete record. The evidence contained in the presentence report

reflects that the defendant had a history of violating his probation. Therefore, this enhancement factor was properly applied by the trial court.

The final assignment of error raised by the defendant is that the trial court erred in considering whether measures less restrictive than confinement have been applied unsuccessfully to the defendant. See T.C.A. § 40-35-103(c). Specifically, he contends that there is nothing in the record to support the application of this statute and argues that the presentence report contains no reference to probation having ever been violated or revoked. Again, we direct attention to the presentence report. It is clear from the report that the defendant was placed on probation as a juvenile and that violation of probation warrants were issued on at least three occasions. The defendant was later placed on intensive probation which, according to the report, also appears to have been violated. The State argues, and we agree, that the record fully supports the trial court's denial of an alternative sentence. The defendant has not met his burden of demonstrating that his sentence is improper. Therefore, we conclude that the sentence and manner of service are proper.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE