IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

## STATE OF TENNESSEE v. BRIAN ROGER NEU

**Appeal from the Circuit Court for Madison County**
**No. 07-184     Donald H. Allen, Judge**

**No. W2007-02166-CCA-R3-CD  - Filed June 24, 2008**

The Appellant, Brian Roger Neu, appeals the imposition of consecutive sentences by the Madison County Circuit Court.  Neu's sentences stem from his guilty pleas to domestic assault, possession of marijuana, and possession of drug paraphernalia, all class A misdemeanors.  Following a sentencing hearing, the trial court imposed sentences of eleven months and twenty-nine days for each conviction.  The court further ordered that Neu's sentences for possession of marijuana and possession of drug paraphernalia be served concurrently to each other but consecutively to his sentence for domestic assault.  Following review, the sentencing decision is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, SR.J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Gregory D. Gookin, Assistant Public Defender; and Colin Morris, Jackson, Tennessee, for the Appellant, Brian Roger Neu.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The facts of the case, as gleaned from the pre-sentence report and testimony at the sentencing hearing, are as follows.  On October 1, 2006, police were dispatched to the Appellant's residence in response to a domestic disturbance call.  Upon arrival, the officers found the Appellant's wife, the victim of the assault, outside the home.  She informed the officer that the Appellant had become upset, was "talking to people who weren't there," and was throwing things inside the residence.  According to the victim, the Appellant had started crying and threatened to kill her, although he had not physically harmed her.  The officers entered the home and found the Appellant sitting in a chair in the living room.  A plastic baggie containing .8 grams of marijuana was found beside him, and

several partially burned marijuana cigarettes were located in an ashtray. Additionally, a pipe containing marijuana residue and a small silver cylinder containing marijuana were found on a table near the Appellant.

Testimony further established that the Appellant had only recently returned from Western Mental Health Institute, where he had been evaluated for suicidal tendencies. On the date of the instant crimes, the Appellant had consumed a fifth of vodka, in addition to taking his prescribed medications. Both the Appellant and his wife testified that he had been diagnosed with bipolar disorder and that he was an alcoholic with a history of "extreme" drinking, resulting in periods during which "he doesn't even remember the incidents."

As a result of the above actions, the Appellant was indicted by a Madison County grand jury on March 5, 2007, for: (1) domestic assault; (2) possession of marijuana; and (3) possession of drug paraphernalia. On July 24, 2007, the Appellant entered "open" guilty pleas to the indicted offenses. A sentencing hearing was held on August 31, 2007, at which the Appellant and his wife testified.

At the hearing, the State introduced the Appellant's pre-sentence report which reflected thirty-four prior convictions, none of which the Appellant disputed. He acknowledged that he had been incarcerated in the Department of Correction for a felony theft conviction and that he had been sentenced to probation on multiple occasions. According to the Appellant, when he was released from prison, he was forced to rebuild his life and had trouble readjusting to society. He stated that he was doing well for a period, but he suffered numerous financial setbacks and resumed drinking, which he claimed led to the incident which is the subject of this appeal. He testified that he had begun participating in counseling sessions and had started to attend church in an effort to deal with his problems. He acknowledged, however, that he had again been arrested following the entry of his guilty pleas in this case.

Following the presentation of evidence, the court imposed three sentences of eleven months and twenty-nine days, to be served in the county jail. The court also ordered that the Appellant's sentences for simple possession and possession of drug paraphernalia run concurrently, but consecutively to his sentence for domestic assault. The Appellant timely filed notice of appeal.

**Analysis**

On appeal, the Appellant argues that the trial court erred in ordering his sentence for domestic assault be served consecutively to his sentence for simple possession and possession of drug paraphernalia. The Appellant's entire argument, other than a brief recitation of relevant sentencing law, is as follows:

> While [the] Appellant did have numerous criminal convictions, the majority of these were misdemeanor convictions that dated back twenty years. [The] Appellant and his wife both testified as to his struggles with mental illness and alcoholism, which were the major causes of his run-ins with the law. [The]

Appellant had managed to start a siding business, and continued to work even after his company had financial difficulties. For these reasons, the trial court should have ordered that [the] Appellant serve only one eleven (11) month and twenty-nine (29) day sentence, which would have sufficed to fulfill the principles and goals of the sentencing process.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000). The party challenging a sentence bears the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401(d), Sentencing Comm'n Comments.

A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that "[t]he defendant is an offender whose record of criminal activity is extensive[.]" T.C.A. § 40-35-115(b)(2) (2006). The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved" under the circumstances. T.C.A. § 40-35-102(1), -103(2) (2006). Additionally, whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999).

In imposing consecutive sentencing in this case, the trial court reviewed the Appellant's prior convictions and noted that:

> . . . I am looking at an individual who has two prior felony convictions and 32 prior misdemeanor convictions on his record. Now, that certainly is a very extensive long criminal history that's detailed in this report. Also, I've noticed from looking at this report that [the Appellant] has been given probation after probation after probation after probation. I mean, this is a man who gets in trouble, gets convicted, gets put on probation and just within a matter of a few months is out committing the same type of offenses. . . .
>
> . . . .
>
> . . . [B]ased upon this extensive criminal history, the Court is going to run Count 1, the assault, I'm going to run that sentence consecutive to the drug charges.

As noted, the Appellant does not contest his extensive criminal history, rather he argues that his criminal history does not justify consecutive sentencing because it consists almost entirely of misdemeanor convictions. Moreover, he appears to suggest that he should be given consideration because he has a bipolar disorder. Those arguments are clearly misplaced. The trial court is permitted to consider misdemeanor offenses in determining if an extensive criminal history is established. *State v. Robert Smith*, No. W2006-00998-CCA-R3-CD (Tenn. Crim. App. at Jackson, Jan. 23, 2007). Clearly, the record in this case establishes an extensive criminal history. The Appellant's criminal history, consisting of thirty-two misdemeanors and two felony convictions, spans a period of twenty years, encompassing most of the Appellant's entire adult life, and is more than sufficient to warrant the imposition of consecutive sentencing. Moreover, we cannot conclude that the Appellant's mental disorder entitles him to special consideration, as it in no way excuses his continued disregard of the law. The Appellant has simply failed to carry his burden in establishing that the trial court erred in imposing consecutive sentences.

## CONCLUSION

Based upon the foregoing, the sentences imposed by the Madison County Circuit Court are affirmed.

_____
DAVID G. HAYES, SENIOR JUDGE